[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 471.]

IN RE APPLICATION OF WYLIE.

[Cite as *In re Application of Wylie*, 2000-Ohio-222.]

*Attorneys at law—Application to take Ohio Bar Examination disapproved when applicant fails to prove he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law—Applicant may submit new application to register as a candidate for admission to the bar and an application to take bar examination in July 2001.*

(No. 00-422—Submitted May 10, 2000—Decided August 16, 2000.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 201.

_____

{¶ 1} On November 16, 1998, Daniel R. Wylie ("applicant") filed an application to register for admission to the practice of law in Ohio. Based on applicant's questionable responses in an initial character and fitness interview conducted by two members of the Clermont County Bar Association Admissions Committee ("committee") and a second interview conducted by the entire committee, the committee found that applicant not only made incomplete, inaccurate, and misleading statements on his application, but also had criminal convictions, a psychological disorder, and a pattern of disregard for the laws. It concluded that applicant did not exhibit the proper qualifications, character, and fitness to justify admission to the practice of law in Ohio and recommended disapproval of his application.

{¶ 2} Applicant appealed the committee's recommendation, and a panel of the Board of Commissioners on Character and Fitness of the Supreme Court ("board") conducted a hearing on December 17, 1999. The panel found that

applicant's responses to certain questions on the application were inaccurate, incomplete, and misleading. Although applicant disclosed that he had been accused of sexual harassment while working at the Clermont County Board of Commissioners, he did not fully report the facts, as required by the application. Applicant stated that "the accusation was demonstrated to be groundless and motivated by ill will." However, there was no official finding that the accusation was in fact "groundless and motivated by ill will." Additionally, applicant failed to disclose on the application that he was orally reprimanded for his behavior.

{¶ 3} The panel also found that applicant did not fully and accurately disclose his prior criminal convictions. In October 1983, applicant was convicted of criminal trespass when he was found in a hotel restroom engaging in inappropriate sexual activity. Although applicant reported the conviction, he failed to provide a detailed account of his criminal activity, as required on the application. Additionally, applicant stated in the application that he could not find any record of this conviction in Hamilton County; however, applicant made no serious attempt to locate these files. In October 1997, applicant was convicted of solicitation. Again, applicant did not provide detailed information about this conviction. He also failed to disclose that he received a suspended sixty-day jail sentence, that he was ordered to continue counseling, and that he was ordered to undergo therapy as recommended by his probation officer.

{¶ 4} Applicant submitted evidence that he suffers from attention deficit hyperactivity disorder, for which he is currently taking medication and receiving counseling, and he claimed that his criminal activities were linked to this disorder. However, based on applicant's failure to assure the panel that he would not engage in any further criminal behavior, the panel was not convinced that applicant's medication and therapy would prevent him from engaging in future criminal activity. Because of applicant's misleading registration application and criminal activity, the panel recommended that applicant be disapproved. The panel further

recommended that applicant be permitted to submit a new application to register as a candidate for admission to the practice of law and an application to take the bar examination in July 2001.  The board adopted the panel's findings and conclusions.

―――――――――――

*John H. Burlew*, for respondent.

*Dennis A. Liggett*, for relator.

―――――――――――

**_Per Curiam._**

**{¶ 5}** Gov.Bar R. I(11)(D)(1) requires that persons seeking admission to the bar in Ohio prove, by clear and convincing evidence, that they possess the "requisite character, fitness, and moral qualifications for admission to the practice of law."  In this case, applicant failed to meet that burden.

**{¶ 6}** We adopt the findings and recommendation of the board.  Applicant is hereby disapproved.  However, applicant may submit a new application to register as a candidate for admission to the bar and an application to take the bar examination in July 2001.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――